# IN THE UNITED STATES DISTRICT COURT *FOR* THE DISTRICT OF COLUMBIA

EDMOND MACHIE          *
    4713 Wisconsin  Av NW    *
    Washington DC 20016     *
    ***Plaintiff, Pro Se***       *

**vs**                          *
Eric P. Rosenberg           *
Bar No. 12110              *
5402 Kenilworth Avenue      *
Riverdale, MD 20737       *
**Defendant (1)**           *

  **vs.**                   *
Phillip R. Zuber, Esq.       *
Sasscer, Clagett & Bucher     *
 5407 Water Street, Suite 101    *
Upper Marlboro, Maryland 20772   *
    ***Defendant   (2)***      *

  **vs.**                   *
Christopher G. Hoge       *
CROWLEY, HOGE & FEIN P.C.   *
1730 Rhode Island Avenue, NW, Suite 1015   *
Washington, D.C. 20036-3112    *
    ***Defendant   (3)***      *

***vs.***                     *
Michele Suzanne Cumberland    *
801 N. Pitt St., Suite 120       *
Alexandria, VA, 2231        *
    **Defendant (4)**         *

**vs**                       *
Emily Spiering, Esq         *
Sasscer, Clagett & Bucher     *
 5407 Water Street, Suite 101    *
Upper Marlboro, Maryland 20772   *
    **Defendant (5)**         *

**vs**                       *
**Nova Pain and Rehab**      *
2955 S. Glebe Road         *
Arlington, VA 22206        *
**Defendant (6)**            *

  *    *    *    *    *    *    *

Case: 1:18–cv–01850
Assigned To : Unassigned
Assign. Date : 7/31/2018
Description: Pro Se Gen. Civ. **(F–DECK)**

**(Jury Trial Demand)**

## COMPLAINT AND JURY DEMAND

COMES NOW, Edmond Machie, as Pro Se hereafter referred as (Plaintiff Edmond Machie)



RECEIVED
Mail Room

JUL 3 1 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

adopts and incorporates by reference the Complaint filed in this matter and sues the Defendants and as cause therefor states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds

the sum or value of $ 75,000, exclusive of interest and costs, and the party corporations are

"citizens" of different States.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.
3. HIPAA Privacy and Security Rules (45 C.F.R. Parts 160 and 164, Subparts A, C, and E).
4. Obstruction of Justice
5. Legal Malpractice
6. Medical Malpractice
7. Civil Conspiracy
8. Public Corruption by Government and/or Justice Employees
9. Frivolous Prosecution in Violation of the Constitution of the United States
10. Violation of the Fourth Amendment of the Constitution of the United States of America

## PARTIES

Plaintiff Edmond Machie is Black adult and was in Washington District of Columbia during the incidents.

**Defendant (1) Eric P. Rosenberg**

**Defendant (2) Phillip R. Zuber**

**Defendant (3) Christopher G. Hoge**

**Defendant (4) Michele Suzanne Cumberland**

**Defendant (5) Emily Spiering, Esq**

Are all White adults, American Citizen and Legal Practitioners.

## STATEMENT OF FACT

11. On or about April 20th, 2012, Plaintiff Edmond Machie was assaulted by a Washington

Metropolitan Transit Authority (WMATA) Bus operator.

12. Plaintiff Edmond Machie previously filed a Complaint to the District of Columbia Court

of Appeals, The Board on Professional Responsibility, Office of Disciplinary Counsel against

Defendant Mr. Christopher Hoge, Esq and Law Firm Crowley, Hoge & Fein, P.C. and also

against Defendant Eric P. Rosenberg and Law firm Rosenberg, Fayne & Raden, LLP

13. Defendant Mr. Christopher Hoge, Esq and Law Firm Crowley, Hoge & Fein, P.C. previously contacted Plaintiff Edmond Machie and presented himself and law firm as Legal Malpractice Lawyer and SuperLawyer

14. Defendant Mr. Christopher Hoge, Esq and Law Firm Crowley, Hoge & Fein, P.C told Plaintiff Edmond Machie, that he got Plaintiff Edmond Machie's contact from Law Firm Chaikin, Sherman, Cammarata & Siegel, P.C ; Plaintiff Edmond Machie's previous Counsel and whom filed lawsuit against Washington Metropolitan Area Transit Authority on behalf of Plaintiff Edmond Machie

## BACKGROUND SUMMARY

15. On April 20, 2012, Plaintiff Edmond Machie was assaulted by WMATA bus operator in Arlington County, Virginia. Plaintiff Edmond Machie was taken at the Virginia Hospital Center with a broken humerus on his right arm. Which injury Plaintiff Edmond Machie still suffering and will suffer the rest of his life.

16. On 06/17/2013 Joseph Cammarata Esq. filed a complaint on behalf of Plaintiff Edmond Machie Edmond Machie at the Prince Georges Circuit Court in Upper Marlboro, Maryland and the case number: CAL13-16600 and case caption Machie vs WMATA by Joseph Cammarata Esq.

17. On 01/17/2014 WMATA filed Notice of Removal, claiming that Congress has passed a law stating that all claims against WMATA should be brought to the United States Federal Court

18. 02/03/2014 the Case was Removed from Prince Georges County Circuit Court to the U.S Federal Court, in Greenbelt Maryland under the Case Number:8:14-CV-00107-WGC

19. On October 17, 2014, Plaintiff Machie settled the Case for $130,000 with WMATA and without Defendant Eric F. Rosenberg been in the case as Defendant Eric P Rosenberg withdraw his representation from the case because of conflict of interest and over Plaintiff demand of $2,000,000 . And thus Defendant Eric F. Rosenberg wanted to early settlement because he indicated that he want's

money for the Republican Party (Political Party) convention.

20. On November 04, 2014 Defendant Eric F Rosenberg filed a Motion for Appropriate Relief with the United States District Court for the District of Maryland, exposing in public a confidential and protected settlement agreement as well as attorney/client communications to the public.

21. On or about November 12, 2014, Plaintiff Machie interred into a retainer agreement with Defendant Mr. Christopher hoge, Esq and Law Firm Crowley, Hoge & Fein, P.C. for representation and with limitation to prepare and file a Motion in opposition to Defendant Eric F Rosenberg Motion for Appropriate Relief with the United States District Court for the District of Maryland in the case caption *Edmond Machie v. Washington Metropolitan Area Transit Authority Civil No. WGC-14-0107*

22. Defendant Mr. Christopher Hoge, Esq and Law Firm Crowley, Hoge & Fein, P.C team-up with Defendant Eric F Rosenberg and his Counsel Defendant Phillip Zuber, Esq and Law Firm Sasscer, Clagett & Bucher with intention to defraud Plaintiff Edmond Machie Settlement Money and to obstruct justice and prevent Plaintiff Edmond Machie from getting justice.

23. Plaintiff Edmond Machie is as for today, homeless, without mean of transportation, and thus with a debt of more than $250,000.00 (Two hundred Thousand) in medical bills and others debts and about to file Bankruptcy.

## COUNT I
### (Violation of HIPAA Privacy and Security Rules
### (45 C.F.R. Parts 160 and 164, Subparts A, C, and E).)

24. Plaintiff Edmond Machie adopts by reference the allegations contained in the foregoing paragraphs of this Complaint with the same effect as if fully set forth herein.

> Incidental Uses and Disclosures (45 CFR 164.502(a))
> Minimum Necessary (45 CFR 164.502(b), 164.514(d))
> Personal Representatives (45 CFR 164.502(g))
> Business Associates (45 CFR 164.502(e), 164.504(e), 164.532(d) and (e))
> Uses and Disclosures for Treatment, Payment, and Health Care Operations (45 CFR 164.506)
> Marketing (45 CFR 164.501, 164.508(a))
> Public Health (45 CFR 164.512(b))

Research (45 CFR 164.501, 164.508, 164.512(i), 164.514(e), 164.528, 164.532)
Workers' Compensation Laws (45 CFR 164.512(l))
Notice (45 CFR 164.520)
Government Access (45 CFR Part 160, Subpart C, 164.512(f))

25. Covered Plaintiff Edmond Machie as defined in the Health Insurance Portability and

Accountability Act of 1996 including all pertinent privacy regulations (45 C.F.R. Parts 160

and 164) and security regulations (45 C.F.R. Parts 160, 162, and 164), as amended from time

to time, issued by the U.S. Department of Health and Human Services as either have been

amended by Subtitle D of the Health Information Technology for Economic and Clinical

Health Act (the "HITECH Act"), as Title XIII of Division A and Title IV of Division B of the

American Recovery and Reinvestment Act of 2009 (Pub. L. 111–5) (collectively, "HIPAA");

and

26. The nature of relationship between Covered Plaintiff Edmond Machie and

Defendant(s) may involve the exchange of Protected Health Information ("PHI") as that term

is defined under HIPAA; and

27. For good and lawful consideration between Covered Plaintiff Edmond Machie and

Defendant(s) for the purpose of ensuring compliance with the requirements of HIPAA and the

Maryland Confidentiality of Medical Records Act (Md. Ann. Code, Health-General §§ 4-301

et seq.) ("MCMRA"); and

32. The defendants agreed to and did jointly commit the unconstitutional, unlawful and

tortious conduct described herein by unlawful and tortious means, including but not limited to:

the use of unnecessary, the unlawful seizure of the Plaintiff Edmond Machie's protected

medical records and the deprivation of the constitutional rights of the Plaintiff Edmond

Machie's settlement fund and legal documents without court order.

33. Each defendant took at least one unlawful action in knowing furtherance of the

conspiracy.

34. Each defendant shared the same conspiratorial objective.

35. Each defendant positively or tacitly came to a mutual understanding to try to accomplish their common and unlawful plan of the acts described in this Complaint.

36. Additionally, or in the alternative, the defendants watched an open breach of the law and did nothing to seek its prevention.

37. The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal damage as a direct and proximate result of the actions of the defendants.

38. As a direct and proximate result of the aforesaid conduct, actions and inactions of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, death of Plaintiff Edmond Machie's father and Plaintiff Edmond Machie's older sister and death of Plaintiff Edmond Machie's step mother, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees

39. All of the Plaintiff Edmond Machie's injuries, losses and damages – past, present and prospective – were caused solely by the conduct, actions and inactions of the defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the

(Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G.

Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in

the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred

Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

## COUNT II
### (Violation of HIPAA Privacy and Security Rules)
### NOT KEEPING CONFIDENCES AND SECRETS

40.  Plaintiff Edmond Machie adopts by reference the allegations contained in the

foregoing paragraphs of this Complaint with the same effect as if fully set forth herein.

      i.  Covered Plaintiff Edmond Machie as defined in the Health Insurance Portability and Accountability Act of 1996 including all pertinent privacy regulations (45 C.F.R. Parts 160 and 164) and security regulations (45 C.F.R. Parts 160, 162, and 164), as amended from time to time, issued by the U.S. Department of Health and Human Services as either have been amended by Subtitle D of the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), as Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009 (Pub. L. 111–5) (collectively, "HIPAA"); and

      ii.  The nature of relationship between Covered Plaintiff Edmond Machie and Defendant(s) may involve the exchange of Protected Health Information ("PHI") as that term is defined under HIPAA;  and

      iii.  For good and lawful consideration between Covered Plaintiff Edmond Machie and Defendant(s) for the purpose of ensuring compliance with the requirements of HIPAA and the Maryland Confidentiality of Medical Records Act (Md. Ann. Code, Health-General §§ 4-301 et seq.) ("MCMRA"); and

50.  The defendants agreed to and did jointly commit the unconstitutional, unlawful and

tortious conduct described herein by unlawful and tortious means, including but not limited to

51.  The defendants agreed to and did jointly commit the unconstitutional, unlawful and

tortious conduct described herein by unlawful and tortious means, including but not limited to:

the use of unnecessary, the unlawful seizure of the Plaintiff Edmond Machie's protected

medical records and the deprivation of the constitutional rights of the Plaintiff Edmond

Machie's settlement fund and legal documents without court order.

52. Each defendant took at least one unlawful action in knowing furtherance of the conspiracy.

53. Each defendant shared the same conspiratorial objective.

54. Each defendant positively or tacitly came to a mutual understanding to try to accomplish their common and unlawful plan of the acts described in this Complaint.

55. Additionally, or in the alternative, the defendants watched an open breach of the law and did nothing to seek its prevention.

56. The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal damage as a direct and proximate result of the actions of the defendants.

57. As a direct and proximate result of the aforesaid conduct, actions and inactions of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, death of Plaintiff Edmond Machie's father and Plaintiff Edmond Machie's older sister and death of Plaintiff Edmond Machie's step mother, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees

58. All of the Plaintiff Edmond Machie's injuries, losses and damages – past, present and prospective – were caused solely by the conduct, actions and inactions of the defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the

(Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G.

Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in

the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred

Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

## COUNT II
### DISHONESTY AND/OR DECEIT

59. Plaintiff Edmond Machie adopts by reference the allegations contained in the

foregoing paragraphs of this Complaint with the same effect as if fully set forth herein.

i. Covered Plaintiff Edmond Machie as defined in the Health Insurance Portability and Accountability Act of 1996 including all pertinent privacy regulations (45 C.F.R. Parts 160 and 164) and security regulations (45 C.F.R. Parts 160, 162, and 164), as amended from time to time, issued by the U.S. Department of Health and Human Services as either have been amended by Subtitle D of the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), as Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009 (Pub. L. 111–5) (collectively, "HIPAA"); and

ii. The nature of relationship between Covered Plaintiff Edmond Machie and Defendant(s) may involve the exchange of Protected Health Information ("PHI") as that term is defined under HIPAA; and

iii. For good and lawful consideration between Covered Plaintiff Edmond Machie and Defendant(s) for the purpose of ensuring compliance with the requirements of HIPAA and the Maryland Confidentiality of Medical Records Act (Md. Ann. Code, Health-General §§ 4-301 et seq.) ("MCMRA"); and

69. The defendants agreed to and did jointly commit the unconstitutional, unlawful and

tortious conduct described herein by unlawful and tortious means, including but not limited to

70. The defendants agreed to and did jointly commit the unconstitutional, unlawful and

tortious conduct described herein by unlawful and tortious means, including but not limited to:

the use of unnecessary, the unlawful seizure of the Plaintiff Edmond Machie's protected

medical records and the deprivation of the constitutional rights of the Plaintiff Edmond

Machie's settlement fund and legal documents without court order.

71. Each defendant took at least one unlawful action in knowing furtherance of the conspiracy.

72. Each defendant shared the same conspiratorial objective.

73. Each defendant positively or tacitly came to a mutual understanding to try to accomplish their common and unlawful plan of the acts described in this Complaint.

74. Additionally, or in the alternative, the defendants watched an open breach of the law and did nothing to seek its prevention.

75. The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal damage as a direct and proximate result of the actions of the defendants.

76. As a direct and proximate result of the aforesaid conduct, actions and inactions of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, death of Plaintiff Edmond Machie's father and Plaintiff Edmond Machie's older sister and death of Plaintiff Edmond Machie's step mother, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees

77. All of the Plaintiff Edmond Machic's injuries, losses and damages – past, present and prospective – were caused solely by the conduct, actions and inactions of the defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the (Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G. Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

**COUNT IV**
**TAKING ADVANTAGE OF CLIENT'S AGE OR INEXPERIENCE AND COLOR AND NATIONAL ORIGIN**

78. Plaintiff Edmond Machie adopts by reference the allegations contained in the foregoing paragraphs of this Complaint with the same effect as if fully set forth herein;

89. The defendants agreed to and did jointly commit the unconstitutional, unlawful and tortious conduct described herein by unlawful and tortious means, including but not limited to: the use of unnecessary, the unlawful seizure of the Plaintiff Edmond Machie's protected medical records and the deprivation of the constitutional rights of the Plaintiff Edmond Machie's settlement fund and legal documents without court order.

90. Each defendant took at least one unlawful action in knowing furtherance of the conspiracy.

91. Each defendant shared the same conspiratorial objective.

92. Each defendant positively or tacitly came to a mutual understanding to try to accomplish their common and unlawful plan of the acts described in this Complaint.

93. Additionally, or in the alternative, the defendants watched an open breach of the law and did nothing to seek its prevention.

94. The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal damage as a direct and proximate result of the actions of the defendants.

95. As a direct and proximate result of the aforesaid conduct, actions and inactions of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, death of Plaintiff Edmond Machie's father and Plaintiff Edmond Machie's older sister and death of Plaintiff Edmond Machie's step mother, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees

96. All of the Plaintiff Edmond Machie's injuries, losses and damages – past, present and prospective – were caused solely by the conduct, actions and inactions of the defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the (Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G. Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

## COUNT V
### ACCEPTING CASES INVOLVING A CONFLICT OF INTEREST

97. Plaintiff Edmond Machie adopts by reference the allegations contained in the foregoing paragraphs of this Complaint with the same effect as if fully set forth herein.

98. The defendants agreed to and did jointly commit the unconstitutional, unlawful and tortious conduct described herein by unlawful and tortious means, including but not

limited to: the use of unnecessary, the unlawful seizure of the Plaintiff Edmond
Machie's protected medical records and the deprivation of the constitutional rights of
the Plaintiff Edmond Machie's settlement fund and legal documents without court
order.

99. Each defendant took at least one unlawful action in knowing furtherance of the
conspiracy.

100.    Each defendant shared the same conspiratorial objective.

101.    Each defendant positively or tacitly came to a mutual understanding to try to
accomplish their common and unlawful plan of the acts described in this Complaint.

102.    Additionally, or in the alternative, the defendants watched an open breach of the
law and did nothing to seek its prevention.

103.    The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal
damage as a direct and proximate result of the actions of the defendants.

104.    As a direct and proximate result of the aforesaid conduct, actions and inactions
of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was
caused to suffer and continues to suffer temporary and permanent physical injuries,
physical pain and suffering, mental pain and suffering, including but not limited to,
undue emotional distress, mental anguish, death of Plaintiff Edmond Machie's father
and Plaintiff Edmond Machie's older sister and death of Plaintiff Edmond Machie's
step mother, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of
life and disability, economic damages including, but not limited to, past and future
medical bills and expenses, past and future lost time and wages from work, past and
future lost earning capacity and unnecessary attorneys' fees

105.     All of the Plaintiff Edmond Machie's injuries, losses and damages – past,

present and prospective – were caused solely by the conduct, actions and inactions of

the defendants, as set forth herein, without any negligence, want of due care, or

provocation on the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the

(Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G.

Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in

the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred

Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

## COUNT VI
## FAILING TO PROTECT A CLIENT'S RIGHTS

106.     Plaintiff Edmond Machie adopts by reference the allegations contained in the

foregoing paragraphs of this Complaint with the same effect as if fully set forth herein.

The HIPAA Rules:  Breach, Data Aggregation, Designated Record Set, Disclosure, Health Care
Operations, Individual, Minimum Necessary, Notice of Privacy Practices, Protected Health
Information, Required by Law, Secretary, Security Incident, Subcontractor, Unsecured Protected
Health Information, and Use.

Specific definitions:

1.     Business Associate.  "Business Associate" shall generally have the same meaning as the
       term "business associate" at 45 C.F.R. 160.103, and in reference to the party to this
       Complaint, shall mean (Defendant'(s)).

2.     Covered Party.  "Covered Party" shall generally have the same meaning as the term
       "covered Party" at 45 C.F.R. § 160.103, and in reference to the party to this Complaint,
       shall mean (Cover Plaintiff Edmond Machie.

3.     HIPAA Rules.  "HIPAA Rules" shall mean the Privacy, Security, Breach Notification,
       and Enforcement Rules at 45 C.F.R. Parts 160 and Part 164.

4.     Protected Health Information ("PHI").  Protected Health Information or "PHI" shall
       generally have the same meaning as the term "protected health information" at 45 C.F.R.
       § 160.103.

Covered Plaintiff Edmond Machie as defined in the Health Insurance Portability and

Accountability Act of 1996 including all pertinent privacy regulations (45 C.F.R. Parts 160 and 164) and security regulations (45 C.F.R. Parts 160, 162, and 164), as amended from time to time, issued by the U.S. Department of Health and Human Services as either have been amended by Subtitle D of the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), as Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009 (Pub. L. 111–5) (collectively, "HIPAA"); and

The nature of relationship between Covered Plaintiff Edmond Machie and Defendant(s) may involve the exchange of Protected Health Information ("PHI") as that term is defined under HIPAA;  and

For good and lawful consideration between Covered Plaintiff Edmond Machie and Defendant(s) for the purpose of ensuring compliance with the requirements of HIPAA and the Maryland Confidentiality of Medical Records Act (Md. Ann. Code, Health-General §§ 4-301 et seq.) ("MCMRA"); and

126.     The defendants agreed to and did jointly commit the unconstitutional, unlawful and tortious conduct described herein by unlawful and tortious means, including but not limited to: the use of unnecessary, the unlawful seizure of the Plaintiff Edmond Machie's protected medical records and the deprivation of the constitutional rights of the Plaintiff Edmond Machie's settlement fund and legal documents without court order.

127.     Each defendant took at least one unlawful action in knowing furtherance of the conspiracy.

128.     Each defendant shared the same conspiratorial objective.

129.     Each defendant positively or tacitly came to a mutual understanding to try to accomplish their common and unlawful plan of the acts described in this Complaint.

130.     Additionally, or in the alternative, the defendants watched an open breach of the law and did nothing to seek its prevention.

131.     The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal damage as a direct and proximate result of the actions of the defendants.

132.     As a direct and proximate result of the aforesaid conduct, actions and inactions of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was caused to

suffer and continues to suffer temporary and permanent physical injuries, physical pain and

suffering, mental pain and suffering, including but not limited to, undue emotional distress,

mental anguish, death of Plaintiff Edmond Machie's father and Plaintiff Edmond Machie's

older sister and death of Plaintiff Edmond Machie's step mother, humiliation, embarrassment,

loss of respect, shame, loss of enjoyment of life and disability, economic damages including,

but not limited to, past and future medical bills and expenses, past and future lost time and

wages from work, past and future lost earning capacity and unnecessary attorneys' fees

133.      All of the Plaintiff Edmond Machie's injuries, losses and damages – past,

present and prospective – were caused solely by the conduct, actions and inactions of the

defendants, as set forth herein, without any negligence, want of due care, or provocation on

the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the

(Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G.

Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in

the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred

Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

### COUNT VII
### BEHAVING IMPROPERLY BEFORE A COURT

134.      Plaintiff Edmond Machie adopts by reference the allegations contained in the

foregoing paragraphs of this Complaint with the same effect as if fully set forth herein.

135.      Defendant Eric P Rosenberg during all of his court appearances individually

and/or collectively with others Defendants in this Complaints were all times talking

negatively about people from African descents and also with hate.

145.      The defendants agreed to and did jointly commit the unconstitutional, unlawful

and tortious conduct described herein by unlawful and tortious means, including but not limited to: the use of unnecessary, the unlawful seizure of the Plaintiff Edmond Machie's protected medical records and the deprivation of the constitutional rights of the Plaintiff Edmond Machie's settlement fund and legal documents without court order.

145.    Each defendant took at least one unlawful action in knowing furtherance of the conspiracy.

146.    Each defendant shared the same conspiratorial objective.

147.    Each defendant positively or tacitly came to a mutual understanding to try to accomplish their common and unlawful plan of the acts described in this Complaint.

148.    Additionally, or in the alternative, the defendants watched an open breach of the law and did nothing to seek its prevention.

149.    The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal damage as a direct and proximate result of the actions of the defendants.

150.    As a direct and proximate result of the aforesaid conduct, actions and inactions of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, death of Plaintiff Edmond Machie's father and Plaintiff Edmond Machie's older sister and death of Plaintiff Edmond Machie's step mother, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees

160.     All of the Plaintiff Edmond Machie's injuries, losses and damages – past, present and prospective – were caused solely by the conduct, actions and inactions of the defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the (Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G. Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

## <u>Count VIII</u>
### (Civil Conspiracy)

161.     Plaintiff Edmond Machie adopts by reference the allegations contained in the foregoing paragraphs of this Complaint with the same effect as if fully set forth herein

162.     The defendants agreed to and did jointly commit the unconstitutional, unlawful and tortious conduct described herein by unlawful and tortious means, including but not limited to: the use of unnecessary, the unlawful seizure of the Plaintiff Edmond Machie's protected medical records and the deprivation of the constitutional rights of the Plaintiff Edmond Machie's settlement fund and legal documents without court order.

163.     Each defendant took at least one unlawful action in knowing furtherance of the conspiracy.

164.     Each defendant shared the same conspiratorial objective.

165.     Each defendant positively or tacitly came to a mutual understanding to try to accomplish their common and unlawful plan of the acts described in this Complaint.

166.    Additionally, or in the alternative, the defendants watched an open breach of the law and did nothing to seek its prevention.

167.    The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal damage as a direct and proximate result of the actions of the defendants.

168.    As a direct and proximate result of the aforesaid conduct, actions and inactions of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, death of Plaintiff Edmond Machie's father and Plaintiff Edmond Machie's older sister and death of Plaintiff Edmond Machie's step mother, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees

169.    All of the Plaintiff Edmond Machie's injuries, losses and damages – past, present and prospective – were caused solely by the conduct, actions and inactions of the defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the (Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G. Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

## Count IX
### (Violation of the Fourth Amendment of the Constitution of the United States of America)

161.    Plaintiff Edmond Machie adopts by reference the allegations contained in the

foregoing paragraphs of this Complaint with the same effect as if fully set forth herein;

162.    42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State or Territory or the District of Columbia, subjects, or causes to be subjected,
> any citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

163.    The defendants engaged in activity that violated the plaintiff's rights as protected under

the Fourth Amendment to the United States Constitution.

By the actions detailed herein, including, but not limited to, the use of unlawful and

tortious conduct against the plaintiff, the seizure of Plaintiff's Protected medical record and

information, seizure of the plaintiff's settlement check without good cause, and the false and

frivolous accusation filed against the plaintiff with intend to defraud plaintiff's settlement

money, the defendants deprived the plaintiff of his rights under the Fourth Amendment to the

United States Constitution

164.    The defendants agreed to and did jointly commit the unconstitutional, unlawful

and tortious conduct described herein by unlawful and tortious means, including but not

limited to: the use of unnecessary, the unlawful seizure of the Plaintiff Edmond Machie's

protected medical records and the deprivation of the constitutional rights of the Plaintiff

Edmond Machie's settlement fund and legal documents without court order.

165.    Each defendant took at least one unlawful action in knowing furtherance of the

conspiracy.

166.    Each defendant shared the same conspiratorial objective.

167.    Each defendant positively or tacitly came to a mutual understanding to try to accomplish their common and unlawful plan of the acts described in this Complaint.

168.    Additionally, or in the alternative, the defendants watched an open breach of the law and did nothing to seek its prevention.

169.    The Plaintiff Edmond Machie suffered, and continues to suffer, actual legal damage as a direct and proximate result of the actions of the defendants.

170.    As a direct and proximate result of the aforesaid conduct, actions and inactions of the defendants and that stated elsewhere herein, the Plaintiff Edmond Machie was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, death of Plaintiff Edmond Machie's father and Plaintiff Edmond Machie's older sister and death of Plaintiff Edmond Machie's step mother, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees

171.    All of the Plaintiff Edmond Machie's injuries, losses and damages – past, present and prospective – were caused solely by the conduct, actions and inactions of the defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff Edmond Machie, either directly or indirectly.

**WHEREFORE**, the Plaintiff Edmond Machie, Edmond Machie, demands judgment against the (Defendant) Eric P. Rosenberg, and Defendant Phillip R. Zuber, Esq and Defendant Christopher G. Hoge and (Defendant) Michele Suzanne Cumberland and Emily Spiering, Esq, jointly and severally, in

the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five hundred

Dollars ($500,000.00) in punitive damages, plus attorneys' fees, interest and costs.

Respectfully submitted,

Edmond K. Machie

\_\_\_\_\_/s/_____

EDMOND MACHIE

4713 Wisconsin  Av NW

Washington DC 20016

Tel:571-343-1696

E-mail:Edmond.Machie@e-macc.com

*Plaintiff, Pro Se*

## JURY DEMAND

The Plaintiff Edmond Machie demands trial by jury in connection with all counts of his
Complaint.

Respectfully submitted,

Edmond Machie

\_\_\_\_\_/s/_____

EDMOND MACHIE

4713 Wisconsin  Av NW

Washington DC 20016

Tel:571-343-1696

E-mail:Edmond.Machie@e-macc.com

*Plaintiff Edmond Machie, Pro Se*

**On this day of 27th July 2018**