UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMOND MACHIE, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-01850 (UNA)
)
)
ERIC P. ROSENBERG, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Complaint ("Compl.") and an accompanying Application to Proceed *in forma pauperis*. Plaintiff has also filed a Motion to Request Court to Serve Parties and a Motion to Compel. The Court will grant the IFP Application and dismiss the case for lack of subject matter jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting); 28 U.S. Code § 1915(e)(2)(ii) (requiring that the court dismiss the case at any time if the court determines that the allegations fail to state a claim on which relief may be granted).

Plaintiff, a resident of the District of Columbia, sues several attorneys located in Maryland, Virginia, and the District of Columbia. Compl. at caption. Plaintiff also sues Nova Pain and Rehab, located in Arlington, Virginia. *Id.* at caption, 2. Plaintiff seeks $50 million and $500,000 in compensatory and punitive damages, respectively. *Id.* at 22 ¶ 1.

While the Complaint is far from a model in clarity, Plaintiff appears to allege that Defendants obstructed justice and were engaged in a conspiracy to commit legal and medical malpractice. *Id.* at 2 ¶¶ 10. He also alleges that Defendants violated the Health Information Privacy Act ("HIPPA"). Lastly, Plaintiff makes blanket allegations against all Defendants,

claiming that they are guilty of public corruption as "[g]overnment and/or [j]ustice employees," and because they have perpetuated frivolous prosecution. *Id.*

Plaintiff alleges that defendants violated attorney-client privilege, publicly exposed confidential information, ignored a conflict of interest, and failed to adequately represent his interests. *Id.* at 4 ¶¶ 20-23; 6 ¶ 34; 12 ¶¶ 97-98; 13 ¶¶ 98-104; 14 ¶ 106; 18 ¶¶ 161-165; 19 ¶¶166-169. Plaintiff believes that Defendants, most of whom appear to have represented Plaintiff, conspired to commit malpractice to prevent plaintiff from pursuing relief in a Maryland personal injury case. *Id.* at 3 ¶¶ 15-19; 4 ¶¶ 19-23. At its core, the Complaint is one for legal malpractice. *Id.*

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff broadly alleges that his Fourth Amendment rights were violated because Defendants appropriated his medical records and a settlement check as a part of his personal injury case. *Id.* at 20 ¶¶ 161-165; 21 ¶¶ 166-171. These are not the type of actions or rights protected by the Fourth Amendment. U. S. *See* U.S. Const. amend. IV. Plaintiff also alleges that he was "taken advantage of based on his ". . . age or inexperience and color and national origin," but then he fails to provide any basis whatsoever for this claim. Compl. at 11 ¶¶ 78-94; 12 ¶¶ 95-96. Plaintiff fails to raise a cogent federal question or establish that any constitutionally protected interest was violated. Furthermore, Plaintiff fails to satisfy the burden to establish diversity jurisdiction.

Plaintiff resides in Washington, D.C., as does defendant, Christopher G. Hoge, *id.* at caption, thereby extinguishing any diversity jurisdiction. 28 U.S. Code § 1332(a)(1).

Apart from the legal malpractice claims, the majority of the complaint focuses on alleged HIPPA violations. Compl. at 2 ¶ 3; 4 ¶ 24; 5 ¶¶ 25-33; 6 ¶¶ 34-39; 7 ¶¶ 39-51; 8 ¶¶ 52-58; 9 ¶¶ 59-70; 10 ¶¶ 71-77; 14 ¶ 106; 15 ¶¶ 126-132; 16 ¶ 132-133; 20 ¶¶ 163. However, such allegations do not constitute a federal question. Federal courts, including this one, have reached a consensus that the statutory language of HIPAA grants no private right of action. *Lee-Thomas v. LabCorp*, --- F. Supp. 3d ----, 2018 WL 3014824 at *2 (D.D.C. June 15, 2018) (internal citations omitted). Therefore, as it relates to the alleged HIPPA violations, Plaintiff has failed to state a claim upon which relief may be granted.

Therefore, this case will be dismissed for want of subject matter jurisdiction and for failure to state a claim. A separate Order accompanies this Memorandum Opinion.

Date: August 16, 2018

United States District Judge